ARTHUR USCHER et al., Suing on Behalf of Themselves and All Others Similarly Situated, Respondents, *v.* KAVANAU REAL ESTATE TRUST, Appellant.

First Department, November 14, 1972.

*Barry Golomb* of counsel (*Shagan, Edwinn & Golomb,* attorneys), for appellant.

*Jerome B. Fleischman* for respondents.

STEVENS, P. J. In 1969, defendant Kavanau Real Estate Trust (Kavanau) pursuant to a written agreement dated May 12, 1969, agreed to purchase from all of the many owners of working interests in certain oil and gas leases, the respective interests of such owners. As consideration for the conveyance of such interests defendant agreed to pay on or before September 1, 1970, either "(a) $738,100 by certified or official bank check or (b) 127,796 common shares of beneficial interests of Kavanau, $1.00 par value   *   *   *   accompanied by a Prospectus included in a Registration Statement " covering such shares effectively filed with the Securities and Exchange Commission (SEC). Each

individual owner of a working interest was given the option of accepting either cash or common shares of Kavanau in payment for his interest, with the proviso that Kavanau was to be notified in writing of such election on or before March 15, 1970. The shares of Kavanau when issued were to be fully paid and non-assessable and approved for listing by the American Stock Exchange.

The plaintiffs originally elected to receive shares of stock of Kavanau and in their original complaint sought to represent all who so elected. Those who elected to receive cash were paid in full.

On or about June 10, 1971, plaintiffs served a summons upon defendant who served a notice of appearance on June 30, 1971. The original complaint was served August 10, 1971, and the answer served September 30, 1971.

In the original complaint plaintiffs, allegedly on behalf of a class of those electing to receive stock, sought specific performance of defendant's obligation to deliver its stock and for damages. It is undisputed that the registration had not received the necessary approvals to render it effectively filed.

Meanwhile on July 21, 1971, defendant sent out a general letter to all sellers, including plaintiffs, who still had outstanding elections to receive payment in stock, advising them of the filing of preliminary proxy material with the SEC and that as yet there was no effective Registration Statement. The letter advised of payment to those sellers who elected to receive cash, and stated " upon the request of any Oil Seller, the Trust will pay to him the Cash Price *in full satisfaction of its obligations under the Agreement of Sale* " (emphasis supplied). The sellers were reminded of their right of election to receive cash or stock.

Under date of August 23, 1971, each plaintiff sent to defendant a letter identical in language save for the number of shares and cash price demanded " in lieu of  *  *  *  common shares of Kavanau Real Estate Trust, when, as and if delivered ". The letter requested that a specific sum be forwarded " in lieu of my right to obtain the  *  *  *  shares of Kavanau ".

By letter dated September 27, 1971, defendant forwarded to each plaintiff a check in the sum demanded by such plaintiff.

In its answer, dated September 28, 1971, defendant pleaded, *inter alia,* payment and that plaintiffs no longer were members of the class on whose behalf the action allegedly was brought. Defendant also demanded a bill of particulars. Instead of serving a bill, plaintiff served an amended complaint on October 14, 1971, again as a purported class action, alleging a failure to

deliver beneficial shares except as above set forth, and demanding damages of $26,425. Defendant's motion to dismiss the amended complaint was denied and this appeal resulted.

In our opinion the motion should have been granted. Plaintiffs having elected to receive cash for their working interests, and having been paid therefor, no longer had any common bond or general interest with those sellers who elected to receive stock. Therefore, this action could not be maintained by plaintiffs as a class action (CPLR 1005). Moreover, the offer contained in the letter of July 21, 1971, was to pay the cash price of the shares '' in full satisfaction '' of defendant's obligation under the agreement of sale. Plaintiffs' separate demands in letters of August 23, 1971, sought or demanded a cash price '' in lieu of '' the shares of Kavanau to which each plaintiff was entitled. Essentially the offer was accepted in accordance with its terms with no written express reservation of rights. Plaintiffs' contention that a telephone conversation with general, not litigating, counsel of defendant constituted such reservation is totally without merit. We hold as a matter of law there was here an accord and satisfaction. There is no claim of fraud, overreaching, bad faith, unreasonable or unwarranted delay, etc., and we find no basis upon which a claim for damages may properly be predicated or sustained.

The order of the Supreme Court entered February 17, 1972 in New York County should be reversed on the law and the motion to dismiss the amended complaint granted, with costs and disbursements to appellant.

McGivern, Markewich, Kupferman and Steuer, JJ., concur.

Order, Supreme Court, New York County, entered on February 17, 1972, unanimously reversed, on the law, the motion granted and the amended complaint dismissed. Appellant shall recover of respondents $60 costs and disbursements of this appeal.